IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WESLEY PABST and KATHERINE PABST, individually and on behalf of all others similarly situated, ) ) ) ) Plaintiffs, ) ) vs. ) ) THE PEOPLES GAS LIGHT AND COKE ) COMPANY, WEC ENERGY GROUP, INC.) and THE BROYDRICK GROUP ) LLC, ) ) Defendants. ) | Case No.: 1:22-cv-01124<br><br>Honorable John Robert Blakey<br><br>Magistrate Judge Maria Valdez |

## JOINT INITIAL STATUS REPORT UNDER RULE 26(F)

Plaintiffs, Wesley Pabst and Katherine Pabst, together with Defendants, The Peoples Gas Light And Coke Company ("Peoples Gas"), WEC Energy Group Inc. ("WEC"), and The Broydrick Group, LLC ("Broydrick") (collectively, "Defendants"), by and through their attorneys, have conferred as required by Rule 26(f) and jointly submit the following Joint Status Report.

**Service of Process**

Counsel for Defendants executed waivers of service on behalf of each of the three Defendants in this matter on March 4, 2022. Dkt. Nos. 5-7.

**Nature of the Case**

    **a. Attorneys of record, and lead trial counsel, for each party.**

Attorneys for Plaintiffs:

    Elizabeth A. Fegan (Lead Trial Counsel)
    Megan E. Shannon
    FEGAN SCOTT LLC
    150 S. Wacker Dr., 24th Floor
    Chicago, IL 60606

Ph: 312.741.1019
Fax: 312.264.0100
beth@feganscott.com
megan@feganscott.com

James D. Spiros, No. 6226158
Miranda L. Soucie, No. 6304049
SPIROS LAW, P.C.
2807 N. Vermilion, Suite 3, Danville, IL 61832
Telephone: 217.443.4343
jspiros@spiroslaw.com
msoucie@spiroslaw.com

Attorneys for Defendants:

Edward Casmere (Lead Trial Counsel)
Joseph A. Cancila, Jr.
Abigail Peluso
Allison Siebeneck
Riley Safer Holmes and Cancila LLP
70 W. Madison Street, Suite 2900,
Chicago, IL 60602
ecasmere@rshc-law.com
jcancila@rshc-law.com
apeluso@rshc-law.com
asiebeneck@rshc-law.com

**b. Basis for federal jurisdiction.**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, and 18 U.S.C. § 1964(c) for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq. This Court also has jurisdiction over the subject matter presented by this Class Action Complaint because it is a class action arising under the Class Action Fairness Act of 2005, under 28 U.S.C. § 1332(d)(2), the proposed Class contains more than 100 members, the aggregate amount in controversy exceeds $5,000,000, and at least one Class member is from a state different from one Defendant. Additionally, the Court has supplemental jurisdiction of the state law counts as they arise from the same nucleus of facts as the RICO count.

2

**c. Nature of the claim(s) and any counterclaim(s), or affirmative defense(s).**

Plaintiffs, individually and on behalf of a putative class of individuals harmed by Defendants' conduct in rural Mahomet, Illinois, bring RICO claims as a class action. Plaintiffs also assert class claims under common law for strict liability for ultrahazardous activities, negligence, nuisance, trespass, and breach of contract.

Specifically, Plaintiffs allege that Peoples Gas caused discharges of natural gas and other combustible gases and hazardous chemicals into the Mahomet Aquifer, exposing Plaintiffs and their property to water contaminated by natural gas. Plaintiffs allege that all Defendants exacerbated this crisis by concealing and misrepresenting the scope of the damage and danger inflicted on residents of rural Mahomet, failing to take effective remedial action to eliminate it, and then lying about it to cover up their misconduct through the "Mahomet Aquifer Contamination Enterprise." Dkt. No. 1, Complaint ("Compl.") ¶¶ 2, 5-8.

Defendants dispute all of these claims. This suit attempts to convert a dispute stemming from an unintended natural gas leak in a single well (owned and operated by Peoples Gas) – an alleged environmental contamination claim – into a purported RICO lawsuit that stretches well beyond the bounds of events and conduct that statute was ever contemplated to reach. To attempt to state such a claim, Plaintiffs assert claims not only against Peoples Gas itself, but also against its corporate parent holding company (WEC Energy), and even a small, privately owned public relations firm that was hired to assist with communications around this incident (Broydrick). Only the RICO causes of action (Counts I and II) are pleaded against Broydrick. The RICO, negligence (Count III), strict liability (Counts IV and V), nuisance (Count VI), and trespass (Count VII) counts are asserted against WEC Energy because of its mere status as the indirect holding company parent of Peoples Gas, its subsidiary. All of the counts, including breach of contract (Count VIII) and

3

rescission (Count IX), are brought against Peoples Gas. Defendants intend to move to dismiss the RICO causes of action against all three Defendants, all remaining claims against WEC Energy, and certain other claims against Peoples Gas.

### d. State the major legal and factual issues anticipated in the case.

Plaintiffs anticipate the following major legal and factual issues in the case:

- Whether Defendants' operation of the Mahomet Aquifer Contamination Enterprise is an "association in fact" under 18 U.S.C. § 1961(4).
- Whether the Mahomet Aquifer Contamination Enterprise exists for a common purpose.
- The roles of each participant of the Mahomet Aquifer Contamination Enterprise.
- Whether Defendants have conducted and participated in the affairs of the Mahomet Aquifer Contamination Enterprise through a pattern of racketeering activity within the meaning of 18 U.S.C. §§ 1961(1) and 1961(5).
- Whether the Mahomet Aquifer Contamination Enterprise engaged in and affected interstate commerce.
- The measure of control each Defendant exerted over the Mahomet Aquifer Contamination Enterprise.
- Plaintiffs' injuries caused by Defendants' racketeering activity.
- Whether Defendants have violated section 1962(d) of RICO by conspiring to violate 18 U.S.C. § 1962(c).
- Whether Defendants' acts and/or omissions have negligently damaged Plaintiffs' property.
- Whether Defendants are strictly liable for the damage caused to Plaintiffs' and the putative class's property based on Defendants' engaging in an ultrahazardous activity by storing large amounts of flammable and explosive hazardous gases, chemicals, pollutants and contaminants below the Mahomet Aquifer System.
- Whether Defendants are strictly liable for the damage caused to Plaintiffs' and the putative class's property for engaging in an ultrahazardous activity by failing to maintain the mechanical integrity of the McCord well.
- Whether Defendants' conduct constitutes a private nuisance.
- Whether Defendants' conduct constitutes trespass.
- Whether Defendants have breached the terms of the "Gas Storage Grant - Oil and Gas Leases."
- The applicable statute of limitations.

Defendants anticipate the following major legal and factual issues in the case:
- Whether Plaintiffs adequately identify a RICO enterprise.
- Whether Plaintiffs allege with particularity any predicate acts of wire or mail fraud.
- Whether Plaintiffs adequately identify a pattern of racketeering activity.
- Whether Plaintiffs have alleged a RICO injury.
- Whether Plaintiffs adequately identify a RICO conspiracy.
- Whether WEC Energy may be held liable in tort by virtue of its role as Peoples Gas's corporate parent.
- Whether Plaintiffs' claims for strict liability for an ultrahazardous activity are subject to the exclusive jurisdiction of the Illinois Commerce Commission.
- Whether Plaintiffs' claims for rescission of contract are subject to the exclusive jurisdiction of the Illinois Commerce Commission.
- Whether Plaintiffs state a claim for strict liability, breach of contract, or rescission of contract.
- Whether Peoples Gas's conduct was negligent.
- Whether Peoples Gas created a private nuisance.
- Whether Peoples Gas committed a trespass.
- The statute of limitations applicable to each of Plaintiffs' claims.

e. **Describe the type and calculation of damages and any other relief sought by Plaintiff(s).**

Pursuant to 18 U.S.C. §1964(c), Plaintiffs seek compensatory, exemplary, and consequential damages, attorney's fees, costs, pre-judgment, and post-judgment interest. The calculation of Plaintiffs' and class wide damages will be the subject of expert testimony. Plaintiffs seek damages on behalf of all members of the "Water Use Class," defined as "All persons who have lived or worked in the rural Mahomet, Illinois or Fisher, Illinois area during any period between October 28, 2015, and the present"; The "Real Estate Class" defined as "All persons who have owned real property in rural Mahomet, Illinois or Fisher, Illinois area during any period between October 28, 2015, and the present"; and The "Real Estate Easement Subclass" defined as "All persons who own real property subject to a Gas Storage Grant – Oil and Gas Lease in rural

5

Mahomet, Illinois or Fisher, Illinois area during any period between October 28, 2015, and the present." Compl. ¶¶ 170-172.

Plaintiffs also seek class certification pursuant to Federal Rule of Civil Procedure 23(b)(2), (b)(3), and/or (c)(4).

Defendants submit that Plaintiffs are not entitled to any of the relief sought. Defendants further dispute that any class properly may be certified in this matter.

**Pending Motions and Case Plan**

    a. **Identify all pending motions.**

No motions are currently pending.

Defendants intend to file a Motion to Stage Discovery, as well as a Motion to Dismiss.

    b. **Proposal for discovery and a case management plan:**

        1) **The general type of discovery needed, including any potential electronic discovery or bifurcated discovery;**

Plaintiffs will seek the production of documents and testimony from Defendants and third-party laboratories and consultants relating to, *inter alia,* the design, construction, monitoring, testing, and repairs to the gas injection wells to the Manlove gas field where Peoples Gas stored natural gas below the Mahomet Aquifer. Plaintiffs will also seek the production of documents and testimony relating to the cover-up of the gas leaks into the Mahomet Aquifer, and communications with class members. Plaintiffs believe discovery will encompass ESI. At this time, Plaintiffs are not aware of any disagreements regarding disclosure or discovery of ESI but will meet and confer regarding any such issues as soon as practicable in accordance with the Seventh Circuit Electronic Discovery Committee's Principles Relating to the Discovery of Electronically Stored Information.

Defendants propose that discovery should be sequenced and tailored to focus first on the issues at the heart of Plaintiffs' claims: the December 2016 incident at the gas storage facility in

Mahomet, Illinois, and Peoples Gas's response, the named Plaintiffs' individual circumstances, and matters pertinent to the certification of the class.

   **2) A date for Rule 26(a)(1) disclosures;**

Both Parties propose Rule 26(a)(1) disclosures to be exchanged by May 9, 2022.

   **3) A date to issue written discovery;**

Plaintiffs propose written discovery to be exchanged by May 23, 2022.

Defendants propose written discovery to Plaintiffs and Peoples Gas related to the December 2016 incident, named Plaintiffs' individual claims, and class certification issues, to be issued by May 23, 2022.

   **4) The need for, and content of, any proposed confidentiality orders, in accordance with the Local Rules for the Northern District of Illinois (parties should start with the model confidentiality order, file a motion seeking entry of the order, and send a redlined version and a clean Word version to proposed_order_blakey@ilnd.uscourts.gov);**

Plaintiffs do not require a confidentiality order at this time.

Defendants submit that a confidentiality order consistent with the model order of the Northern District of Illinois is appropriate.

   **5) The need for, and content of, any Health Insurance Portability and Accountability Act (HIPAA) waivers;**

To the extent Plaintiffs seek damages related to alleged health issues—on their own behalf, or on behalf of any members of the asserted class—Defendants submit that discovery of their medical records would be appropriate, and would seek HIPAA-compliant waivers at that time.

   **6) A fact discovery completion date;**

Plaintiffs propose a fact discovery completion date of October 5, 2022.

As noted in paragraph 7 below, both parties believe a further scheduling order will be necessary following a class certification decision by this Court. Consequently, Defendants believe a fact discovery completion date is premature.

> **7) Whether there will be expert discovery, and, if so, an expert discovery completion date (including proposed deadlines for expert disclosures and depositions);**

Plaintiffs anticipate the need for class expert discovery and Rule 26(a)(2) expert discovery post-class certification, and propose the following schedules:

- Class Experts and Motion For Class Certification:
    - Plaintiffs' Motion For Class Certification, and class expert reports: November 21, 2022
    - Defendants' opposition to class certification, and class expert reports: January 20, 2023
    - Plaintiffs' reply in support of class certification and any rebuttal reports: March 1, 2023
- Plaintiffs propose that the parties confer within 30 days of the Court's decision on class certification to determine whether any additional discovery is necessary in light of the Court's Order, and confer regarding a proposed schedule for dispositive motions, Rule 26(a)(2) expert disclosures, and trial.

Defendants propose the following schedule in respect to the disclosure of class certification experts, depositions of experts and class certification briefing. Defendants agree that the parties should confer within 30 days after the Court's ruling on class certification to propose a further schedule to address dispositive motions, further discovery, trial experts and trial schedule:

| | |
|---|---|
| Sept. 30, 2022 | Disclosure of Plaintiffs' class certification experts and reports |
| Nov. 18, 2022 | Disclosure of Defendants' class certification experts and reports |
| Dec. 16, 2022 | Depositions of class certification experts |
| Jan. 13, 2023 | Plaintiffs' motion for class certification |
| Feb. 17, 2023 | Defendants' opposition to class certification |

| Mar. 3, 2023 | Plaintiffs' reply on class certification |

**8) A proposed date for the filing of dispositive motions (if any); and**

See above.

Defendants agree that a deadline for filing dispositive motions is not necessary at this time.

**9) A tentative trial date.**

See above.

Defendants agree that setting a trial date is premature at this juncture.

**c. With respect to trial, indicate whether a jury trial is requested and the probable length of the trial.**

Plaintiffs demand a jury trial and anticipate a trial would last approximately one week.

Defendants submit that the length of any trial cannot be fairly estimated until the scope of claims and parties to the case has been resolved, including whether a class is ultimately certified.

**Consent to Proceed Before a Magistrate Judge**

The Parties have discussed the advantages of a Magistrate Judge referral and the Parties decline to refer this matter to a Magistrate Judge at this time.

**Status of Settlement Discussions**

The Parties have not had settlement discussions and do not believe such discussions would be productive at this juncture. Accordingly, the Parties do not request a settlement conference.

Defendants are open to discussing resolution of the named Plaintiffs' individual claims but do not believe settlement discussions in respect to a class resolution would be appropriate or productive at this time.

Dated: April 18, 2022 By: */s/ Elizabeth A. Fegan*

        Elizabeth A. Fegan
        beth@feganscott.com
        Megan E. Shannon
        megan@feganscott.com
        FEGAN SCOTT LLC
        150 S. Wacker Dr., 24th Floor
        Chicago, IL 60601
        (312) 741-1019

        James D. Spiros
        jspiros@spiroslaw.com
        Miranda Soucie
        SPIROS LAW, P.C.
        2807 N. Vermilion, Suite 3
        Danville, IL 61832
        Telephone: 217.443.4343

        By: */s/ Allison Siebeneck*
        Edward Casmere
        Joseph A. Cancila, Jr.
        Abigail Peluso
        Allison Siebeneck
        Riley Safer Holmes and Cancila LLP
        70 W. Madison Street, Suite 2900,
        Chicago, IL 60602
        ecasmere@rshc-law.com
        jcancila@rshc-law.com
        apeluso@rshc-law.com
        asiebeneck@rshc-law.com