UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Wesley Pabst, et al.<br><br>      Plaintiffs<br><br>   v.<br><br>The Peoples Gas Light & Coke Co., et al.<br><br>      Defendants | No. 1:22-cv-01124 |

### DEFENDANTS' MEMORANDUM IN SUPORT OF
### MOTION TO STAGE DISCOVERY

Defendants The Peoples Gas Light & Coke Co. ("Peoples Gas"), WEC Energy Group Inc. ("WEC Energy"), and The Broydrick Group, LLC ("Broydrick") respectfully submit this memorandum in support of their request that this Court adopt a staged approach to discovery in this matter, in the interests of efficiency and judicial economy.

### BACKGROUND

This case arises from a December 2016 incident at a gas injection/withdrawal well at Peoples Gas's underground storage facility in Mahomet, Illinois, in which natural gas leaked from the well into the local aquifer. This asserted class action is the fourth lawsuit filed against Peoples Gas related to this incident.

The first was a pending state enforcement action. Since 2017, Peoples Gas has worked with the Illinois Attorney General's Office, in coordination with the Illinois Environmental Protection Agency, the Illinois Department of Resources, and the Illinois Department of Public Health, to enter and execute two agreed interim orders in that action. *People v. The Peoples Gas Light and Coke Co.*, No. 2017-CH-218 (Champaign Cty., Ill.). As confirmed by those orders,

Peoples Gas voluntarily agreed to, among other things, offer to install methane detection devices, gas/water separator devices, and provided bottled water service to qualifying impacted households.

The next two cases were private civil actions. In 2018, a group of 17 plaintiffs filed a civil action in state court, raising many of the same claims asserted here—including negligence, private nuisance, trespass, and contract claims, among others. *Eisenmann v. The Peoples Gas Light and Coke Co.*, 2018-L-108 (Champaign Cty., Ill.). A year later, an additional group of 21 plaintiffs filed a nearly identical lawsuit. *Stanhope v. The Peoples Gas Light and Coke Co.*, 2019-L-63 (Champaign Cty., Ill.). The plaintiffs in the *Eisenmann* and *Stanhope* suits are represented by one of the same law firms representing the named Plaintiffs in this case, Spiros Law, P.C. *See* Dkt. 12 at 10. Those cases are now proceeding in discovery in Champaign County. To date, more than 22,000 pages of documents have been produced in that litigation and could readily be carried over to this litigation, subject to entry of the Northern District of Illinois model Confidentiality Order.

What is unusual about this lawsuit and not duplicative of the prior cases is its effort to convert a dispute stemming from a natural gas leak in a single well—an alleged environmental contamination claim—into a purported RICO lawsuit that stretches well beyond the bounds of events and conduct that statute was ever contemplated to reach. To attempt to state such a claim, Plaintiffs assert claims not only against Peoples Gas itself, but also against its indirect corporate parent holding company (WEC Energy), and even a small, privately owned public relations firm that was hired to assist with communications around this incident (Broydrick). Only the RICO causes of action (Counts I and II) are pleaded against Broydrick. The RICO, negligence (Count III), strict liability (Counts IV and V), nuisance (Count VI), and trespass (Count VII) counts are asserted against WEC Energy because of its status as the indirect holding company parent of

Peoples Gas, its subsidiary. All of the counts, including breach of contract (Count VIII) and rescission (Count IX), are brought against Peoples Gas.

On May 3, Defendants intend to move to dismiss the RICO causes of action against all three defendants, all remaining claims against WEC Energy, and certain other claims against Peoples Gas. While some of the common law claims against Peoples Gas will remain, Defendants believe that there are extraordinarily strong threshold issues that will be presented by their Rule 12(b)(6) motion as to whether Plaintiffs' RICO claims may proceed and whether a corporate parent holding company may be held liable in tort merely by its status as an indirect parent. Moreover, if the Court dismisses the RICO claims against Broydrick and WEC Energy, all bases of federal jurisdiction – both RICO and CAFA – will be lost, unless the Court opts to continue to exercise supplemental jurisdiction. Regardless, if the RICO claims are dismissed, this will substantially narrow the scope of the parties, claims, and defenses at issue in this lawsuit at the outset, and the issues to be presented at the class certification stage. Accordingly, Defendants propose that discovery should be sequenced and tailored to focus first on the issues at the heart of Plaintiffs' claims: the December 2016 incident at the gas storage facility in Mahomet, Illinois, and Peoples Gas's response, the named Plaintiffs' individual circumstances, and matters pertinent to whether any class should be certified, and if so, the scope of such a class.

## **LEGAL STANDARD**

Deciding whether and how to sequence discovery "is a matter committed to the discretion of the trial court." *Ocean Atlantic Woodland Corp. v. DRH Cambridge Homes, Inc.*, 2004 WL 609326, at *2 (N.D. Ill. Mar. 23, 2004). Though the Federal Rules of Civil Procedure do not expressly provide for bifurcated discovery in asserted class actions, the 2003 Advisory Committee Notes to Rule 23 recognize that "it is appropriate to conduct controlled discovery . . . limited to

3

those aspects relevant to making the certification decision on an informed basis." *See, e.g.*, *Reid v. Unilever U.S., Inc.*, 964 F. Supp. 2d 893, 932 (N.D. Ill. 2013) (granting motion to stage discovery, citing Advisory Committee Notes); *Christian v. Generation Mortg. Co.*, 2013 WL 2151681, at *4 (N.D. Ill. May 16, 2013) (granting motion to bifurcate discovery, citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011)); *Fullerton v. Corelle Brands, LLC*, No. 1:18-cv-04152 (N.D. Ill. Oct. 17, 2019) (Minute Entry granting motion to stage class discovery).

In the interests of fairness and efficiency, courts regularly sequence discovery to focus first on the question of class certification, while postponing classwide discovery on the merits. As Courts in this district have recognized, "[i]f class certification is denied, the scope of permissible discovery may be significantly narrowed; if a class is certified, defining that class should help determine the limits of discovery on the merits." *American Nurses' Ass'n v. State of Illinois*, 1986 WL 10382, at *3 (N.D. Ill. Sept. 12, 1986); *see also* Manual for Complex Litig. (Fourth) § 21.14 ("Discovery relevant only to the merits delays the certification decision and may ultimately be unnecessary."). Thus, staging discovery is consistent with Rule 23's mandate that class certification be decided at "an early practicable time." Fed. R. Civ. P. 23(c)(1)(A).

Similarly, in light of Rule 26's instruction that the scope of discovery should be proportional to the claims and defenses at issue in the case, courts often stay or sequence discovery pending resolution of a motion to dismiss, especially where the motion would resolve the case as to one or more parties, or where the issue is a "threshold" one. *DSM Desotech Inc. v. 3D Sys. Corp.*, 2008 WL 4812440, at *2 (N.D. Ill. Oct. 28, 2008) ("Stays are often deemed appropriate where the motion to dismiss can resolve a threshold issue such as jurisdiction, standing, or qualified immunity or where, in cases such as this one, discovery may be especially burdensome and costly to the parties."); *see also Robinson v. Walgreen Co.*, 2021 WL 2453069, at *4 (N.D. Ill.

June 16, 2021) (ordering "focused" discovery pending ruling on motion to dismiss in asserted class action); *Tamburo v. Dworkin*, 2010 WL 4867346, at *1 (N.D. Ill. Nov. 17, 2010) ("Properly used, the proportionality tools available under the Federal Rules of Civil Procedure can go a long way to reaching the long sought-after goal of Rule 1: securing the 'just, speedy, and inexpensive determination of every action and proceeding.'"); *Coss v. Playtex Prods., LLC*, 2009 WL 1455358, at *4-5 (N.D. Ill. May 21, 2009) (ordering targeted discovery pending decision on motion to dismiss).

In deciding whether to stay or sequence discovery, courts consider (1) whether limiting discovery will unduly prejudice the non-moving party, (2) whether limiting discovery will simplify the issues and streamline the trial, and (3) whether limiting discovery will reduce the burden of litigation on the parties and on the court. *Sadler v. Retail Props. of Am., Inc.*, 2013 WL 12333447, at *1 (N.D. Ill. Sept. 27, 2013) (staying discovery where motions to dismiss were "not frivolous and . . . potentially dispositive"); *see also Robinson*, 2021 WL 2453069, at *4; *Tamburo*, 2010 WL 4867346, at *3 (ordering phased discovery, beginning with written discovery on the named parties); *Akselrod v. MarketPro Homebuyers LLC*, 2021 WL 100666, at *2 (D. Md. Jan. 12, 2021) (allowing limited discovery on potentially dispositive individual merits issues before proceeding to discovery on class certification issues); *Katz v. Liberty Power Corp., LLC*, 2019 WL 957129, at *2 (D. Mass. Feb. 27, 2019) (similar); *Loreaux v. ACB Receivables Mgmt., Inc.*, 2015 WL 5032052, at *4 (D.N.J. Aug. 25, 2015) (similar). Each of these considerations counsels in favor of a thoughtful, staged approach to discovery in this case.

## DISCUSSION

Defendants do not seek a complete stay of discovery or a total bifurcation of merits and class certification discovery, and Plaintiffs appear to agree that some merits discovery will need to

5

occur after the Court's ruling on class certification. *See* Dkt. 12 ¶ 7. The parties disagree, however, on how to appropriately sequence discovery on Plaintiffs' unwieldy and wide-ranging claims—both pending resolution of Defendants' motion to dismiss, and as the case moves toward the class certification phase.[1]

Defendants will seek dismissal of Plaintiffs' claims against WEC Energy, which does not own or operate the gas storage field at issue, and well as their RICO claims against all three Defendants. Resolution of the motion to dismiss thus has the potential to be dispositive of Plaintiffs' claims against two of the three Defendants, in addition to substantially streamlining the remaining legal and factual issues in the case. Moreover, if Defendants prevail on their motion, Plaintiffs' suit will be narrowed appropriately to a handful of state law claims against Peoples Gas—claims for which this Court may or may not opt to exercise supplemental jurisdiction, absent any other basis for federal question or diversity jurisdiction.

Accordingly, Defendants propose sequencing discovery to focus first on the issues at the heart of Plaintiffs' claims: the December 2016 incident at the gas storage facility in Mahomet, Illinois, and Peoples Gas's response. The named Plaintiffs' own individual circumstances should also be subject to discovery. And discovery should also proceed on issues pertinent to whether Plaintiffs' asserted classes could or should appropriately be certified and meet the requirements of Rules 23(a) and 23(b). This will promote efficiency by streamlining the issues and reducing the burden of conducting discovery with respect to claims and parties that are not properly before this Court. Further, Plaintiffs will not be prejudiced because beginning with appropriately targeted discovery—much of which has already been provided to their counsel in the Champaign County

---

[1] Counsel for Defendants bring this Motion after consulting with counsel for Plaintiffs by email on April 15 and 18 and by telephone on April 19, in good faith efforts to resolve the issues raised in this Motion, but the parties were unable to reach an accord.

lawsuits—will allow this case to proceed while the motion to dismiss is pending. *See Robinson*, 2021 WL 2453069, at *4; *Tamburo*, 2010 WL 4867346, at *3; *Coss*, 2009 WL 1455358, at *4-5.

Specifically, as reflected in the parties' Joint Initial Status Report (Dkt. 12), Defendants propose the following discovery plan:

| | |
|---|---|
| May 9, 2022 | Rule 26(a)(1) disclosures |
| May 23, 2022 | Date to issue written discovery to Plaintiffs and Peoples Gas related to the December 2016 incident, named Plaintiffs' individual claims, and class certification issues |
| Sept. 30, 2022 | Disclosure of Plaintiffs' class certification experts and reports |
| Nov. 18, 2022 | Disclosure of Defendants' class certification experts and reports |
| Dec. 16, 2022 | Depositions of class certification experts |
| Jan. 13, 2023 | Plaintiffs' motion for class certification |
| Feb. 17, 2023 | Defendants' opposition to class certification |
| Mar. 3, 2023 | Plaintiffs' reply on class certification |

Defendants further propose that within 30 days after the Court's ruling on Plaintiff's class certification motion, the parties will confer to determine whether any additional merits discovery is necessary in light of the Court's order, and to discuss a proposed schedule for dispositive motions, merits expert disclosures, and trial.

## CONCLUSION

For the foregoing reasons, Defendants The Peoples Gas Light & Coke Co., WEC Energy Group Inc., and The Broydrick Group, LLC, respectfully ask this Court to grant their Motion and enter a targeted, staged discovery plan in this case.

Dated: April 19, 2022

*/s/ Edward Casmere*
Edward Casmere
Joseph A. Cancila, Jr.
Abigail Peluso
Allison N. Siebeneck
RILEY SAFER HOLMES & CANCILA LLP
70 West Madison Street, Suite 2900
Chicago, Illinois 60602
(312) 471-8700
ecasmere@rshc-law.com
jcancila@rshc-law.com
apeluso@rshc-law.com
asiebeneck@rshc-law.com

*Counsel for Defendants The Peoples Gas Light & Coke Co., WEC Energy Group Inc., and The Broydrick Group, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 19, 2022, I caused the foregoing document to be electronically filed used the CM/ECF system, which will send notice of this filing to all counsel and parties of record.

*/s/ Edward Casmere*