UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Wesley Pabst, et al.<br><br>      Plaintiffs<br><br>  v.<br><br>The Peoples Gas Light & Coke Co., et al.<br><br>      Defendants | No. 1:22-cv-01124 |

### DEFENDANTS' CONSOLIDATED RULE 12(b)(6) MOTION TO DISMISS

Defendants The Peoples Gas Light & Coke Co. ("Peoples Gas"), WEC Energy Group Inc. ("WEC Energy"), and The Broydrick Group, LLC ("Broydrick") respectfully submit their Consolidated Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants ask this Court to dismiss all counts of the Complaint directed against Broydrick (Counts I and II) and WEC Energy (Counts I through VII), and certain counts directed against Peoples Gas (Counts I, II, IV, V, VIII and IX), with prejudice. In support of their Motion, Defendants state as follows:

1. This asserted class action arises from a December 2016 incident at a gas injection/withdrawal well at Peoples Gas's underground storage facility in Mahomet, Illinois, in which natural gas leaked from the well into the local aquifer. Plaintiffs assert claims not only against Peoples Gas itself, but also against its indirect holding company parent, WEC Energy, and a small, privately owned public relations firm, Broydrick, that was hired to assist with local communications around this incident. Only the RICO causes of action (Counts I and II) are pleaded against Broydrick. The RICO, negligence (Count III), strict liability (Counts IV and V), nuisance (Count VI), and trespass (Count VII) counts are asserted against WEC Energy because

of its status as the indirect holding company parent of Peoples Gas, its subsidiary. All of the counts, including breach of contract (Count VIII) and rescission (Count IX) are brought against Peoples Gas.

2. Plaintiffs do not and cannot plausibly allege a RICO claim based on the events at issue, and the Complaint fails to adequately plead any of the essential elements for liability under this statute. Plaintiffs fail to plead the necessary predicate acts of wire or mail fraud, let alone plead them with the specificity required under Rule 9(b). *United States v. Green*, 648 F.3d 569, 577–78 (7th Cir. 2011); *Williams v. Aztar Indiana Gaming Corp.,* 351 F.3d 294, 298–99 (7th Cir. 2003); *Stoller v. Fumo*, 2020 WL 2404879 (N.D. Ill. May 12, 2020). They likewise fail to allege a pattern of racketeering activity—a defect that is both fatal and incurable. *H.J., Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 239 (1989); *Midwest Grinding Co., Inc. v. Spitz*, 976 F.2d 1016, 1022 (7th Cir. 1992). Their allegations dispositively prove that they cannot allege an injury caused by a RICO violation, and they fail to allege any actual, concrete monetary loss. *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 453 (2006) (holding that a plaintiff "may sue under § 1964(c) only if the *alleged RICO violation* was the proximate cause of the plaintiff's injury"); *Evans v. City of Chicago*, 434 F.3d 916, 925-26 (7th Cir. 2006) ("[E]very court that has addressed this issue has held that injuries proffered by plaintiffs in order to confer RICO standing must be 'concrete and actual,' as opposed to speculative and amorphous."). They also fail to identify a RICO "enterprise" separate from a liable RICO "person," as those terms are defined by federal law. *Baker v. IBP, Inc.*, 357 F.3d 685, 691-92 (7th Cir. 2004). Count I must be dismissed as to all three Defendants.

3. For the same reasons, Plaintiffs fail to adequately allege a RICO conspiracy. *See United Food & Commercial Workers Unions and Emps. Midwest Ben. Fund v. Walgreen Co.*, 719

F.3d 849, 865-75 (7th Cir. 2013) ("Having failed to plead facts that would establish a violation of Section 1962(c), the [plaintiff] cannot state a claim for conspiracy under Section 1962(d) based on those same facts."). Count II therefore is due to be dismissed against all three Defendants.

4. Plaintiffs also fail to identify any basis for bringing claims against WEC Energy, either directly or by piercing the corporate veil. "It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation . . . is not liable for the acts of its subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 61 (1998) ("Neither does the mere fact that there exists a parent-subsidiary relationship between two corporations make the one liable for the torts of its affiliate."). Accordingly, Counts I through VII should be dismissed as to WEC Energy.

5. Further, Plaintiffs cannot state a claim for strict liability for ultrahazardous activity, both because the Illinois Commerce Commission ("ICC") is vested with exclusive jurisdiction to hear such a claim, and because operating a licensed, regulated gas storage facility is not an ultrahazardous activity as a matter of law. *Sheffler v. Commonwealth Edison Co.*, 2011 IL 110166, ¶¶ 40, 50, 53 (describing ICC's plenary authority under the Public Utilities Act); *Martin v. Harrington & Richardson, Inc.*, 743 F.2d 1200, 1204 (7th Cir. 1984) (holding that existence of state regulatory scheme indicates the challenged activity is not unreasonably dangerous); *Indiana Harbor Belt R.R. Co. v. American Cyanamid Co.*, 916 F.2d 1174, 1176 (7th Cir. 1990) ("[T]he operation of a natural gas well is not an ultrahazardous activity.") Counts IV and V should be dismissed against both WEC Energy and Peoples Gas for failure to state a claim upon which relief may be granted.

6. Similarly, Plaintiffs' claim for rescission of contract also invades the jurisdiction of the ICC, and they fail to plausibly allege a breach of contract, let alone a material breach. *Walker*

*v. Ridgeview Construction Co., Inc.*, 316 Ill. App. 3d 592, 595-96 (1st Dist. 2000); *Newton v. Aitken*, 260 Ill. App. 3d 717, 719 (2d Dist. 1994). Counts IX (breach of contract) and X (rescission of contract) therefore must be dismissed.

7. In further support of this Motion, Defendants respectfully submit the accompanying Memorandum in Support of this Consolidated Rule 12(b)(6) Motion to Dismiss.

For the foregoing reasons, Defendants The Peoples Gas Light & Coke Co., WEC Energy Group Inc., and The Broydrick Group, LLC, respectfully ask this Court to grant their Motion and dismiss Counts I and II against Broydrick, Counts I through VII against WEC Energy, and Counts I, II, IV, V, VIII and IX against Peoples Gas, with prejudice.

Dated: May 3, 2022

*/s/ Edward Casmere*
Edward Casmere
Joseph A. Cancila, Jr.
Abigail Peluso
Allison N. Siebeneck
RILEY SAFER HOLMES & CANCILA LLP
70 West Madison Street, Suite 2900
Chicago, Illinois 60602
(312) 471-8700
ecasmere@rshc-law.com
jcancila@rshc-law.com
apeluso@rshc-law.com
asiebeneck@rshc-law.com

*Counsel for Defendants The Peoples Gas Light & Coke Co., WEC Energy Group Inc., and The Broydrick Group, LLC*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 3, 2022, I caused the foregoing document to be electronically filed used the CM/ECF system, which will send notice of this filing to all counsel and parties of record.

                                               */s/ Edward Casmere*